The opinion of the Court was delivered by
Fenner, J.
Plaintiff made a contract of insurance with defendant, whereby it insured the fixtures and contents.of his coffeehouse to the extent of $1,600, agreeing to make good “ all such loss or damage that may happen by fire to the property herein insured.”
*845 The facts are, that at ten o’clock at night, while plaintiff’s establishment was still open, a fire occurred in the adjoining building. Owing to a mistake in the fire alarm signals, the fire department generally was dispatched to a point distant from the true one, and was considerably delayed in reaching the scene. In the meantime, the fire was raging furiously and threatened the house occupied by plaintiff, which, indeed, actually caught and was damaged to the extent of some hundreds of dollars, which the owner actually recovered from the Insurance Company in which he was insured.
Under the excitement of the occasion, and in the absence of the fire department, and no doubt influenced by consideration of the inflammable character of goods of plaintiff, a number of persons, including friends and neighbors of the plaintiff, went to work to remove the plaintiffs stock and fixtures, and did remove the whole of them. They consisted chiefly of wines and liquors in bottles and similar frangible goods, such as are kept in coffeehouses ; and being handled by excited men and thrown down in piles on the street, naturally great breaking and damage resulted. The evidence is precise and uncontradicted, that the value of the property in the coffeehouse at the time of the fire was $3,563.50, and that the loss and damage amounted to $3,189.54.
The defenses are the following:
1. Fraud and false swearing in the proof of loss, vitiating the policy. The basis of this charge is, that plaintiff excluded from, his statement of goods saved, twelve barrels of whiskey, which he had recently received, and wliieh he seems to have considered as not added to his stock. His attention was called to this fact by defendant’s president, when plaintiff handed in his proofs of loss, and. he at once admitted the safety of those barrels, and gave the reason why he had not included them in the statement. The president then received the proofs without further comment. As these barrels were not made the basis of any claim of loss, and as the defendant received full information of all the facts contemporaneously with the delivery of the proofs, we perceive no ground for this defense. There is nothing to support the charge of either actual or intended fraud.
2. That the damage is not within the peril insured against. The doctrine that insurance against fire only covered damage resulting from actual ignition is long since exploded. The sound doctrine is well expressed by high authority as follows: “ The fair and reasonable interpretation of a policy of insurance against fire will include within the obligation of the .insurer every loss which necessarily follows from the occurrence of the fire to the amount of the actual injury to the subject of the risk, whenever that injury arises directly and immediately from the peril, or necessarily from incidental and surrounding *846 circumstances, the operation and control of which could not be avoided.” Brady vs. Northwestern, 11 Mich. 425; Case vs. Hartford, 13 Ill. 676; Walton vs. Louisville, 11 Pet. 224; Peters vs. Warren, 14 Pet. 108.
3. That the liability is excluded by a condition of the policy providing that the Company shall not be liable for “ loss or damage by fire, which may take place by means of any invasion, insurrection, riot or civil commotion, etc.” Evidently this condition applies only where the ./ire is occasioned by one of the causes referred to. Were it otherwise, the attempt to liken the persons who removed these goods to a riot, finds no. support in the evidence.
4. Another condition of the policy excludes liability “ for loss by theft, at or after a fire.” The evidence affords no support to the theory that the damage, to arly considerable extent, resulted from the theft.
5. The last and only serious defense is, that the removal of the goods was unnecessary. The policy contains two conditions which should properly be considered together, one exempting the Company from liability for “ damage caused by removal of property from a building, excex>t it be proved that such removal was necessary to x>reserve the property;” another, that “ the best endeavors of the assured shall be used in saving and protecting the property from damage at and after a fire,” under penalty of forfeiture of all claim under the policy.
Between these two conditions it is apparent that the insured is placed in a dilemma in which he must exercise his discretion as to what his duty is. Although, in the present case, the plaintiff was so occupied with his family, who were in the house, that he was unable to give his attention to the goods, we must treat the removal precisely as if he had himself ordered it. The only question is, whether it was necessary, within the meaning of the condition of the policy. That question is not to'be determined by the actual result, nor by the judgment of professional experts •who, owing to the mistaken signals, did not reach the scene in time. It is to be determined by the circumstances of the case as they appeared to those who acted upon them. Considering the apparent imminence of the peril, the unusual delay in the arrival of the fire department, and the inflammable nature of plaintiff’s stock, we think the circumstances were such as to make the removal apparently necessary for the double purpose of saving the goods and of controlling the fire by preventing its communication to such inflammable materials.
We see no reason to doubt that such was the honest conviction of those who undertook the removal, as stated by many of them in their testimony. This is sufficient to maintain the insurer’s liability. *847 Flanders Fire Ins. p. 465; Beaumont on Ins. p. 41; 13 Ill. 681; 49 Me. 206; 10 Cush. 306.
The testimony is conflicting, but it has been weighed by the District Judge, who heard and saw the witnesses, and our reading of it confirms his conclusion.
The clause of the policy providing that in case of damage by necessary removal, “tbe damage shall be borne by the assured and the Company, in proportion as the sum insured bears to the whole value of the property at risk,” finds no application here to reduce the plaintiff’s claim.
The property at risk was more than double the amount insured, and the loss also more than doubled it. Defendant’s proportion would, therefore, exceed the amount claimed.
Judgment affirmed at appellant’s cost.
Rehearing refused.
Levy, J., absent.